UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 1:22-MC-20786-BB

In re: Motion to Compel Compliance with Subpoena Directed to Non-Party David Reaboi

BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY
                    Plaintiffs,
v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC
                    Defendants.

Underlying Litigation:

United States District Court
for the District of Columbia
Civil Action No.: 19-cv-00150-DLF

**MOTION TO TRANSFER**
**MOTION TO COMPEL SUBPOENA RESPONSES AND MOTION TO STAY**

Non-party David Reaboi, pursuant to Federal Rule of Civil Procedure 45(f), hereby moves this Court for an order transferring the Motion to Compel Subpoena Responses filed by Nicolas D. Muzin and Stonington Strategies LLC (collectively, "Muzin") (ECF No. 1, "Mot.") to the United States District Court for the District of Columbia, where the underlying litigation is pending, and for an order staying the time for Mr. Reaboi to respond to the Motion to Compel until the Court decides the Motion to Transfer.[1]

**BACKGROUND**

Muzin and Stonington are defendants in *Broidy Capital Management, LLC v. Muzin*, 19-cv-00150-DLF (D.D.C.) (the "Underlying Litigation"). The Underlying Litigation arises from Muzin and the other defendants' illegal scheme, funded by the State of Qatar, to hack, steal and disseminate plaintiff Elliott Broidy's confidential personal and business information, in retaliation

---

[1] Unless otherwise indicated, all emphasis in quotations herein has been added, and all internal citations and quotations omitted.

for Mr. Broidy exercising his First Amendment right to criticize Qatar for its support for and financing of terrorism. *See* Motion to Compel, Ex. 1, First Am. Compl. On the defendants' motion to dismiss, the D.C. District Court upheld the plaintiffs' claims alleging a violation of the Computer Fraud and Abuse Act, violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, receipt and possession of stolen property, intrusion upon seclusion, and civil conspiracy. *See* Underlying Litigation, ECF No. 51. On the motion to dismiss, the D.C. District Court also rejected the defendants' claims of foreign sovereign immunity, which decision was affirmed by the Court of Appeals for the D.C. Circuit. *Broidy Cap. Mgmt., LLC v. Muzin*, 12 F.4th 789, 804 (D.C. Cir. 2021).

Although the claims at issue are focused exclusively on the defendants' conduct, the defendants have sought to use this case to "blame the victim," and have served voluminous and improper discovery requests, including dozens of third-party subpoenas, to try to obtain information about all aspects of Mr. Broidy's business dealings, and his advocacy in opposition to Qatar's support for terrorism. None of this information has any relevance to the claims or defenses at issue in the Underlying Litigation, which concern the defendants' involvement in the illegal hacking scheme, and their knowing possession and misuse of the plaintiffs' stolen property.

In response, the plaintiffs in the Underlying Litigation have challenged the propriety of these requests, both through a motion for a protective order and to quash subpoenas (ECF No. 118), and in opposition to defendants' motion to compel (ECF No. 120). Three other non-parties have also opposed motions to compel, and these motions involve many of the same requests that are contained in the subpoena to Mr. Reaboi. *See* Case No. 22-mc-00030-DLF, ECF No. 21 (D.D.C. Mar. 16, 2022); Case No. 33-mc-00031-DLF, ECF. No. 18 (D.D.C. Mar. 24, 2022). All of these motions are now pending before the court in the Underlying Litigation (collectively, the

"Discovery Motions"). Since the Motion to Compel was filed, the Defendants have filed two additional motions to compel in connection with non-party subpoenas in the Underlying Litigation. *See* Underlying Litigation, ECF No. 124, 126.

In an effort to have any subpoena-related motions decided by the court that is most familiar with the factual issues in the case, the parties in the Underlying Litigation entered into a Stipulation Regarding Transfer of Non-Party Subpoena-Related Motions on February 22, 2022 ("Stipulation"). *See* Ex. 1. In the Stipulation, the parties agreed that

> Due to the legal issues that are likely to be presented in Subpoena-Related Motions, the interests of judicial economy, and the sensitive nature of the materials at issue in this Action, ***it is the intention of the Parties that all Subpoena-Related Motions***, including without limitation motions to compel, motions to quash, motions for protective orders, or motions challenging the designation of produced materials ***should be heard by the D.C. District Court***.

Ex. 1, ¶ 2. The parties further agreed that subpoena-related motions "present exceptional circumstances, involving issues that directly affect the [Underlying Litigation], that warrant, to the extent possible, review by the D.C. District Court to promote consistency and efficiency." *Id.* ¶ 3. The parties then agreed that all subpoena-related motions would be brought in the D.C. District Court, where possible, and that "***the Parties will consent*** to the transfer of any Subpoena-related Motion brought in another court by a Party or a non-party to the D.C. District Court for resolution, pursuant to Federal Rule of Civil Procedure 45(f)." *Id.* ¶ 4.

According to the Motion to Compel, Muzin served Mr. Reaboi with a third-party subpoena for documents on January 22, 2022 with a compliance date of February 13, 2022. *See* Mot. at 4. This was more than a week before the parties entered into the Stipulation on February 22. The subpoena contains 15 requests, many of which are identical or nearly identical to issues currently being litigated in the Discovery Motions.

3

After the Motion to Compel was filed, Mr. Reaboi retained counsel for plaintiffs in the Underlying Litigation to represent him, and counsel served Mr. Reaboi's responses and objections to the subpoena on March 25, 2022. Ex. 2. Counsel also informed Muzin's counsel that Mr. Reaboi agreed with the parties that the Motion to Compel should be transferred to the D.C. District Court, and proposed filing a joint motion to transfer, in accordance with the Stipulation. Ex. 3, at 3, Email from Andrew Kurland, Mar. 18, 2022. However, Muzin's counsel refused to consent, arguing that the Motion to Compel does not "overlap[] in subject matter with the pending D.D.C. motions." Ex. 3, at 2, Email from Krystal Swendsboe, Mar. 21, 2022. Mr. Reaboi's counsel then explained that the subpoena was in fact covered by the Stipulation and asked Muzin's counsel to reconsider joining a motion to transfer. Ex. 3, at 2, Email from Henry Brownstein, Mar. 23, 2022. Muzin did not consent to filing a joint motion, and so Mr. Reaboi files the instant Motion to Transfer and Motion to Stay.

**ARGUMENT**

**I.     Transfer Is Appropriate Under Rule 45(f)**

Rule 45(f) of the Federal Rules of Civil Procedure permits courts to transfer a subpoena-related motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Both grounds for transfer are present here.

*First*, Mr. Reaboi consents to transfer the Motion to Compel to the D.C. District Court, where the Underlying Litigation is pending. Consent alone is sufficient to warrant transfer under Rule 45(f). *See Pfizer, Inc. v. Mylan Inc.*, No. 8:16-MC-47-T-17JSS, 2016 WL 3021911, at *1 (M.D. Fla. May 26, 2016) ("As Unimark does not oppose Plaintiffs' Motion to Transfer, transfer is appropriate under Federal Rule of Civil Procedure 45(f).").

4

*Second*, exceptional circumstances exist warranting transfer.  In evaluating exceptional circumstances, the Court "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation."  *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (discussing exceptional circumstances factors courts have considered and finding motion should be transferred).  These factors include "the duration and complex history of the underlying civil case, the risk that the same issues raised in the subpoena at issue [are] likely to arise in several districts, the risk of inconsistent discovery rulings, and judicial economy and efficiency."  *Id.* at 517-18; *Edwards v. Maxwell*, No. 15-CV-07433-RWS-SDNY, 2016 WL 7413505, at *2-3 (S.D. Fla. Dec. 22, 2016) (existence of exceptional circumstances present under Rule 45(f) because there was a great risk of inconsistent rulings and because transfer "foster[ed] the interests of fairness, consistency, judicial economy, and speed of resolution"); *see also Google Inc. v. Digital Citizens Alliance*, No. 15-MC-00707, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (transferring non-party subpoena under Rule 45(f) to promote "the interests of judicial economy and avoid[ ] inconsistent results").

All of these factors weigh in favor of transfer.  The Underlying Litigation has been pending since 2019, and involves complex issues concerning the defendants' conspiracy to hack and disseminate the plaintiffs' confidential and trade secret information.  The defendants have served hundreds of discovery requests, many of which are now at issue in the pending Discovery Motions, and present similar, if not identical, legal and factual issues as in the Motion to Compel.  This includes the relevance of many of the same requests contained in the subpoena to Mr. Reaboi.  *See, e.g.*, *Maxwell*, 2016 WL 7413505, at *2 (granting motion to transfer where requests at issue were

5

identical to requests in a subpoena already addressed by the issuing court). For example, Request No. 1 in the subpoena to Mr. Reaboi demands

> All communications with Broidy, his agents, his representatives, or any Broidy-affiliated entity, including without limitation lawyers at Boies Schiller Flexner LLP or Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, the UAE, Saudi Arabia, or any individuals or entities—including without limitations nonprofit organizations, think tanks, and media organizations—that received funding from the UAE or Saudi Arabia, as well as any documents relating to such communications.

Mot., Ex. 2 at No. 1. The defendants in the Underlying Litigation propounded nearly the same request on a number of other non-parties, and this request is now at issue in the Discovery Motions. *See* Underlying Litigation, ECF No. 118-2, at 25. Request No. 2 in the subpoena to Mr. Reaboi is similarly the subject of the Discovery Motions. *See* Underlying Litigation, ECF No. 118-2, at App'x A, at 1 (citing Muzin's First Set of Request for Production of Documents No. 105 ("All communications with Joel Mowbray and Fourth Factor Consulting, including without limitation their staff, agents, or representatives, regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, or the alleged hacking, as well as any documents relating to such communications.")).

Transfer of the Motion to Compel will thus reduce "the risk of inconsistent discovery rulings" and promote "judicial economy," because the D.C. District Court already needs to address many of the legal and factual issues presented by the Motion to Compel in the pending Discovery Motions. Transfer will avoid burdening this Court by needing to familiarize itself with the complicated facts of the Underlying Litigation and the same issues that are already raised in the Discovery Motions. In addition, given the dozens of subpoenas issued by the defendants in the Underlying Litigation, the same or similar issues are highly likely to arise in several districts. There will also be no prejudice or inconvenience to Muzin, considering his counsel are all located in the District of Columbia, where the Underlying Litigation is pending.

Because Mr. Reaboi consents to the transfer and exceptional circumstances exist warranting transfer, the Court should transfer the Motion to Compel under Rule 45(f).

## II.   The Parties Agreed The Motion Should Be Transferred

Although Muzin now claims that the Motion to Compel is not the type of "Subpoena-Related Motion" that is covered by the Stipulation, it is clear that the Motion to Compel is precisely the type of motion that the parties anticipated in entering into the Stipulation. Any argument to the contrary is simply an effort to obtain a ruling before the D.C. District Court can decide the Discovery Motions.

The Stipulation explicitly states that the parties "have served" subpoenas on non-parties, and "anticipate filing further motions to enforce" subpoenas. *See* Ex. 1, at 1. At the time the parties filed the Stipulation, Mr. Reaboi's time to comply with the subpoena had purportedly passed, and Muzin must have contemplated filing this Motion to Compel. Muzin's counsel never stated that they considered motions such as the Motion to Compel to be outside the scope of the Stipulation.

Muzin's counsel now argues that "the grounds for the instant motion to compel are essentially procedural default," so the Motion to Compel does not "overlap" with the pending motions in the Underlying Litigation. *See* Ex. 3, at 2. But in deciding the Motion to Compel, the Court will necessarily need to address issues of relevance, which will "involve legal and factual issues similar to those presented in the Pending Motions". Ex. 1, at 2. Indeed, the Motion to Compel contains lengthy discussions of the purported relevance of the information sought (*see, e.g.*, Mot. at 2-3, 8-12), which only makes sense because as the moving party, Muzin must still show that the information sought is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Contrary to Muzin's assertions, these questions

of relevance in fact "overlap" almost entirely with the issues in the pending Discovery Motions, as discussed above.

Moreover, in addressing issues of waiver, this Court will need to analyze whether good cause exists to excuse any failure to respond to the Subpoena, including whether the discovery demand was "properly framed," which necessarily implicates relevance. *See Miller v. Prudential Ins. Co. of Am.*, No. 07-60882-CIV, 2008 WL 11410100, at *2 (S.D. Fla. Mar. 27, 2008) (one of the factors courts consider in evaluating good cause is "whether the discovery demand was properly framed and not excessively burdensome"); *Dish Network, L.L.C. v. TV Net Solutions, LLC*, Case No. 12-CV-1629, 2013 WL 4055847, at *3 (M.D. Fla. Aug. 12, 2013) (same). In addition, even if the Court were to find that Mr. Reaboi waived his objections, the Court would likely still review the substance of the requests. *See, e.g.*, *Stone v. Zimmer, Inc.*, No. 09-CV-80252, 2009 WL 9567924, at *2 (S.D. Fla. Dec. 4, 2009) (the court "tailor[ed] some of Defendant's demands to appropriately narrow their scope," even though the plaintiffs had waived their objections). Thus, the Court will need to analyze issues of relevance in deciding the Motion to Compel, and the Motion to Compel falls within the "Subpoena-Related Motions" addressed by the Stipulation.

\*     \*     \*

Transferring the Motion to Compel is both appropriate under Rule 45(f) and pursuant to the parties' Stipulation, and the Court should grant the Motion to Transfer.

## III. The Court Should Stay Mr. Reaboi's Time To Respond To The Motion To Compel

Because the Motion to Compel should be transferred to the D.C. District Court, Mr. Reaboi also respectfully requests that the Court stay the time for Mr. Reaboi to respond to the Motion to Compel pending a ruling on the Motion to Transfer. The Discovery Motions are fully briefed, and any decision by the D.C. District Court before the Motion to Compel is transferred could

significantly impact the scope of appropriate discovery from Mr. Reaboi, as well as his grounds for opposing the Motion to Compel. For efficiency, and to avoid further burden on Mr. Reaboi as a non-party, the Court should also grant the Motion to Stay.

## CONCLUSION

For the reasons set forth herein, Mr. Reaboi respectfully requests that the Court grant the Motion to Transfer and the Motion to Stay.

Dated: March 28, 2022

Respectfully Submitted,

/s/ Maria H. Ruiz
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  (786) 587-1044
Facsimile:  (305) 675-2601
MRuiz@Kasowitz.com

*Attorney for Non-Party David Reaboi*

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Maria H. Ruiz
Maria H. Ruiz