UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 1:22-MC-20786-BB

| | |
|---|---|
| In re: Motion to Compel Compliance with Subpoena Directed to Non-Party David Reaboi<br><br>BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br>        Plaintiffs,<br> v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>        Defendants. | Underlying Litigation:<br><br>United States District Court<br>for the District of Columbia<br>Civil Action No.: 19-cv-00150-DLF |

## NOTICE OF FILING OF MINUTE ORDER IN UNDERLYING LITIGATION

Non-party David Reaboi files this Notice to inform the Court of a Minute Order and status conference held on June 15, 2022 in *Broidy Capital Management, LLC v. Muzin*, No. 19-cv-00150-DLF (D.D.C.) (the "Underlying Litigation"). The Minute Order is attached hereto as Exhibit 1, and a transcript of the status conference is attached as Exhibit 2.

As this Court is aware, Mr. Reaboi has moved to transfer to the court in the Underlying Litigation the Motion to Compel compliance with a subpoena served by defendants Nicolas D. Muzin and Stonington Strategies LLC because of the overlap of issues with discovery motions pending before that court. ECF No. 10. The Minute Order confirms that transfer should be granted.

At the June 15 status conference, the court in the Underlying Litigation issued its oral ruling on the pending motions. *See* Ex. 2. Noting that the "sheer volume" of defendants' discovery requests, among other things, "makes the Court question, again, whether the defendants are proceeding with discovery in good faith" (Ex. 2, at 11), the court ordered the defendants "to submit

revised discovery requests to the plaintiffs on or before June 22, 2022, and to the third-party respondents on or before June 29, 2022." Ex. 1.[1]

The court specifically addressed defendants' motions to compel directed to certain non-parties, holding that "my earlier rulings on relevance and proportionality resolve a substantial share of the Rule 26 issues raised in the third-party context, as most third-party respondents raised similar arguments to Broidy or incorporated his filings by reference. And so it goes without saying that my rulings with respect to Broidy's arguments apply to the respondents." Ex. 2, at 13.[2] The court further held that she "expect[ed] the defendants to narrow the scope of their disagreements with those respondents in the course of complying with my order to review the discovery requests to ensure they are consistent with my rulings." *Id.*

The court went on to reject the same waiver argument defendants advance here. *See id.* at 13-14. The court held that any tardiness in objections should be excused considering that "the defendants' subpoenas are overbroad in the ways I've already described," and several respondents "have reasonably represented that they acted in good faith." *Id.* at 14. Moreover, "the defendants have certainly dragged their own feet during the discovery process. As I've noted already, the defendants had not produced any documents for Broidy as of April 21st. And where a party has been less than diligent with its own discovery deadlines, there is good cause to deny that party the benefit of demanding diligence from others. *Yousuf* [*v. Samantar*], 451 F.3d [248,] 252." *Id.*

These developments underscore the exceptional circumstances that, apart from Mr. Reaboi's request, independently warrant transfer here. *See* Fed. R. Civ. P. 45(f); ECF No. 10, at

---

[1] The court also ordered the parties "to file a joint status report regarding their progress in discovery on or before July 15, 2022." Ex. 1.

[2] The overlap between the subpoena to Mr. Reaboi and other non-parties is set forth in Mr. Reaboi's Motion to Transfer and Motion to Stay (ECF No. 10, at 6), and Reply Memorandum in Support of Motion to Transfer and Motion to Stay (ECF No. 15, at 7-8).

5. The court in the Underlying Litigation has already ruled on the same issues presented by defendants' Motion to Compel, has decided which general subject matters are and are not discoverable, and may be required to hold further hearings depending on the outcome of defendants' court-ordered narrowing of their discovery requests. There is no reason to further burden this Court with these issues, and Mr. Reaboi respectfully submits that the Motion to Transfer should be granted.

Dated: June 21, 2022

    Respectfully submitted,

/s/ Maria H. Ruiz
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  (786) 587-1044
Facsimile:  (305) 675-2601
MRuiz@Kasowitz.com

*Attorney for Non-Party David Reaboi*