## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:22-MC-20786-BB

**In re: Motion to Compel Compliance with Subpoena Directed to Non-Party David Reaboi**

BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY

                     Plaintiffs,

   v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC

                     Defendants.

Underlying Litigation:

United States District Court
for the District of Columbia
Civil Action No.: 19-cv-00150-DLF

### MOVANTS' RESPONSE TO NON-PARTY DAVID REABOI'S
### NOTICE OF FILING OF MINUTE ORDER IN UNDERLYING LITIGATION

Pursuant to LR 7.8,[1] Movants respond to Reaboi's Notice of June 21, 2022. Reaboi mischaracterizes the D.D.C's recent ruling, and the authorities Reaboi submitted support neither his motion to transfer nor his motion to quash. This Court should decline transfer and order Reaboi to fully and immediately comply with the subpoena he ignored for months.

The D.D.C.'s ruling does not and cannot govern this subpoena. Indeed, Reaboi's subpoena was expressly excluded from the Plaintiffs' motions in the D.D.C. Further, the D.D.C. ruled on document categories, not individual requests, and Movants' subpoena covers categories that the

---

[1] The most charitable reading of Reaboi's "Notice"—which amounts to a supplemental brief in support of his transfer motion—is that it is a Notice of Supplemental Authority governed by LR 7.8. That rule limits such notices to 200 words. Reaboi's Notice contains over 600 words. In the interest of judicial economy, Movants' have elected to respond substantively consistent with the rule's limits rather than move to strike Reaboi's notice and invite a new round of filings. Any failure on Movants' part to address an argument made in Reaboi's Notice should not be regarded as an admission. Movants certify that the body of this response contains 200 or fewer words.

D.D.C. deemed discoverable, including Broidy's illegal activities, lobbying, and damages. *See* Hr'g Tr. 6:11-9:11; *see also* ECF No. 1 at 8–11.

The Court need not reach those issues, however, because Reaboi waived substantive objections by ignoring Movants' subpoena in a complete default of his obligations. The D.D.C. applied a waiver standard that does not exist here, where "[f]ailure to timely raise objections results in waiver." ECF No. 1 at 7. The law in this district is clear; Reaboi waived his objections. *See* ECF No. 1 at 6–7. Reaboi's transfer request should be denied as an attempt to avoid the consequence of his recalcitrance.

Dated: June 24, 2022

/s/ Ralph Caccia
Ralph Caccia (Fla. Bar No. 0087224)
rcaccia@wiley.law
Stephen J. Obermeier (*pro hac vice*)
sobermeier@wiley.law
Krystal B. Swendsboe
kswendsboe@wiley.law (*pro hac vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Movants Stonington Strategies LLC and Nicolas D. Muzin*